UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 6:11-cr-0011-GFVT |
| | ) | Civil No.: 6:16-cv-00167-GFVT |
| V. | ) | |
| | ) | **ORDER** |
| JAMES EDWARD ROSE, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on two Recommended Dispositions filed by the former United States Magistrate Judge Robert E. Wier. The Defendant, James Edward Rose, first filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 44.] Mr. Rose also filed subsequent documents in support of this petition. [R. 51; R. 54; R. 55.] Consistent with local practice, Judge Wier reviewed the motion and prepared a Recommended Disposition. [R. 70.]

After considering the record, Judge Wier determined that Mr. Rose is not entitled to relief under 28 U.S.C. § 2255. Specifically, Judge Wier found that relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015) was not applicable to Mr. Rose's case. [R. 70 at 23.] Judge Wier also determined that Mr. Rose's non-*Johnson* claims were time-barred, as he missed the filing deadline by three years. *Id*. at 3.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140,

150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Rose's construed § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Rose also filed a *pro se* Motion to Reconsider this Court's Order denying his request for appointment of counsel. [R. 50.] However, as the Court stated previously, there is no right to counsel in post-conviction habeas proceedings. *See, e.g., Abdus-Samand v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). The Court has wide discretion in evaluating a petitioner's request. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). Mr. Rose's motion to reconsider only addresses the legal reasons he should have counsel for an appeal, not for a habeas petition, and includes no reason for the Court to reconsider its previous decision.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Mr. James Edward Rose's Motion to Reconsider [**R. 50**] is **DENIED**;

2. Judge Robert E. Wier's Report and Recommendation [**R. 70**] as to James Edward Rose is **ADOPTED** and for the Opinion of the Court;

3. Mr. Rose's Petitions for habeas corpus relief pursuant to § 2255 [**R. 44; R. 51; R. 54; R. 55**] are **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously

herewith.

This the 24th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge